UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

Franco T. Garay,
Roberto Gil,
Yancco Reyes,
and other similarly situated individuals,

    Plaintiffs,

v.

Remart Of South Florida LLC
and Arturo A. Pino Martinez, individually

    Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Franco T. Garay, Roberto Gil, Yancco Reyes, and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants Remart Of South Florida LLC, and Arturo A. Pino Martinez, individually, and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes are residents of Lakeworth, Palm Beach County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Remart Of South Florida LLC (from now on Remart, or Defendant) is a Florida Limited Liability Company doing business in Palm Beach County, Florida, where Plaintiffs worked for Defendant.

4. Individual Defendant Arturo A. Pino Martinez was and is now the owner/partner/officer/and manager of Remart. Defendant Arturo A. Pino Martinez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and he is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint occurred in Palm Beach County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being adequately compensated.

7. Defendant Remart is a construction and remodeling company providing services to commercial and residential clients.

8. Defendant Remart was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a construction and remodeling company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the

instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as concrete laborers. Plaintiffs regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Remart and Arturo A. Pino Martinez employed Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes as non-exempted, full-time employees approximately between December 06, 2021, and March 16, 2023.

11. Plaintiffs were hired to work as construction laborers, and they were paid a daily rate.

12. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five days, from Monday to Saturday, from 8:00 AM to 6:00 PM (10 hours daily). Plaintiffs worked a total of 47.5 hours weekly. Plaintiffs have already deducted 2.5 hours of lunchtime weekly (30 minutes x 5 days=2.5 hours weekly). Sometimes Plaintiffs also worked on Saturdays.

13. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs only their regular daily rate, regardless of the number of hours worked.

14. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the normal payday. Defendants delayed payment and failed to pay Plaintiffs their

regular wages earned during the workweek. For many weeks Plaintiffs did not receive compensation for their work at any rate, not even at the minimum wage rate, as required by law.

15. Plaintiffs did not clock in and out, but Defendants could track the hours worked by Plaintiffs and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiffs were forced to leave their employment on or about March 16, 2023, because they did not receive their hard-earned wages for many consecutive weeks.

18. **1.- Claim of Plaintiff Franco T. Garay.-**

19. Plaintiff Franco T. Garay worked from January 17, 2023, to March 16, 2023, or 8 weeks. Plaintiff's daily rate was $110.00.

20. Plaintiff worked seven weeks of five days with 47.5 hours and one week of six days with 58 hours.

21. Plaintiff claims five weeks with 7.5 and one week with 18 overtime hours.

22. In addition, Plaintiff is claiming six weeks of unpaid wages.

23. **2.- Claim of Plaintiff Roberto Gil.-**

24. Plaintiff Roberto Gil worked from December 13, 2021, to March 16, 2023, or 65 weeks. Plaintiff's daily rate was $140.00.

25. Plaintiff worked 62 weeks of five days with 47.5 hours and three weeks of 6 days with 58 working hours.

26. Plaintiff is claiming 62 weeks with 7.5 unpaid overtime hours plus three weeks with 18 overtime hours.

27. In addition, Plaintiff is claiming seven unpaid weeks.

28. **3.- Claim of Plaintiff Yancco Reyes.-**

29. Plaintiff Yancco Reyes worked from December 06, 2022, to March 16, 2023, or 14 weeks. Plaintiff's daily rate was $110.00.

30. Plaintiff worked ten weeks of 5 days with 47.5 overtime hours, two weeks of 6 days with 58 hours weekly, and one week of 7 days with 70 hours weekly.

31. Plaintiff claims ten weeks with 7.5, two weeks with 18, and one week with 30.5 overtime hours.

32. In addition, Plaintiff is claiming five unpaid weeks.

33. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes were paid with checks, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

34. At times mentioned, individual Defendant Arturo A. Pino Martinez was and is now the owner/partner/manager of Remart. Defendant Arturo A. Pino Martinez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Remart's interests concerning its employees, including Plaintiffs and others similarly situated. Defendant Arturo A. Pino Martinez had financial and operational control of the business determining Plaintiffs' terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiffs' damages.

35. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendants, liquidated damages, and any other relief as allowable by law.

36. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

37. PlaintiffsFranco T. Garay, Roberto Gil, and Yancco Reyes have retained the law offices of the undersigned Attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable Attorneys' fees and costs.

Collective Action Allegations

38. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

39. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

40. This action is intended to include every construction laborer and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME

41. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes re-adopt every factual allegation stated in paragraphs 1-40 of this Complaint as if set out in full herein.

42. This action is brought by Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the

provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

43. Defendants Remart and Arturo A. Pino Martinez employed Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes as non-exempted, full-time construction laborers approximately between December 06, 2021, and March 16, 2023. Plaintiffs were paid a daily rate.

44. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked five days, a total of 47.5 hours weekly. Plaintiffs have already deducted 2.5 hours of lunchtime weekly (30 minutes x 5 days=2.5 hours weekly). Sometimes Plaintiffs also worked on Saturdays and Sundays.

45. Plaintiffs worked more than 40 regular hours per week. However, Defendants did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs their regular daily rate, regardless of the number of hours worked.

46. **1.- Claim of Plaintiff Franco T. Garay.-**

47. Plaintiff Franco T. Garay worked from January 17, 2023, to March 16, 2023, or 8 weeks. Plaintiff's daily rate was $110.00.

48. Plaintiff worked seven weeks with 47.5 hours and one week with 58 working hours. Plaintiff claims seven weeks with 7.5, and one week with 18 unpaid overtime hours.

49. **2.- Claim of Plaintiff Roberto Gil.-**

50. Plaintiff Roberto Gil worked from December 13, 2021, to March 16, 2023, or 65 weeks. Plaintiff's daily rate was $140.00.

51. Plaintiff worked 62 weeks with 47.5 hours and three weeks with 58 working hours. Plaintiff claims 62 weeks with 7.5 unpaid overtime hours plus three weeks with 18 unpaid overtime hours.

52. **3.- Claim of Plaintiff Yancco Reyes.-**

53. Plaintiff Yancco Reyes worked from December 06, 2022, to March 16, 2023, or 14 weeks. Plaintiff's daily rate was $110.00. Plaintiff worked ten weeks with 47.5 hours weekly, one week with 58 hours, plus one week with 70.5 hours.

54. Plaintiff claims ten weeks with 7.5, three weeks with 18, plus one week with 30.5 overtime hours.

55. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes worked in excess of 40 hours weekly, but Defendants did not compensate them for overtime hours, as required by law.

56. Plaintiffs did not clock in and out, but Defendants could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

57. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

58. Plaintiffs were paid weekly with checks, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

59. In addition, during their employment with Defendants, Plaintiffs did not receive their wages timely, on the normal payday. Defendants delayed payment and failed to pay Plaintiffs the wages earned during the workweek.

60. On or about March 16, 2023, Plaintiffs were forced to resign from their employment because they did not receive their wages for many consecutive weeks.

61. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

62. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

63. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid overtime hours, as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and records are received.

### 1.- Overtime claim of Plaintiff Franco T. Garay

  a. Total amount of alleged unpaid wages:

  Four Hundred Six Dollars and 43/100 ($406.43)

  b. Calculation of such wages:

  Total weeks of employment:  8 weeks
  Total relevant weeks of employment: 8 weeks
  Daily rate: $110.00

  1.- Overtime for 7 weeks with 5 days/47.5 working hours

  Daily rate: $110.00 x 5 days=$550.00: 47.5 hours=$11.58 an hour x 1.5=$17.37

O/T rate: $17.37 an hour-$11.58 rate paid= $5.79 difference
Half-time: $5.79

$5.79 x 7.5 O/T hours=$43.43 weekly x 7 weeks=$304.01

2.- Overtime for 1 week with 6 days/58 working hours

Daily rate: $110.00 x 6 days=$660.00: 58 hours=$11.38 an hour x 1.5=$17.07
O/T rate: $17.07 an hour-$11.38 rate paid= $5.69 difference
Half-time: $5.69

$5.69 x 18 O/T hours=$102.42 weekly x 1 weeks=$102.42

Total #1, and #2: $406.43

c. Nature of wages:

This amount represents unpaid half-time overtime wages[1]

## 2.- Overtime claim of Plaintiff Roberto Gil

a. Total amount of alleged unpaid wages:

Three Thousand Eight Hundred Eighteen Dollars and 32/100 ($3,818.32)

b. Calculation of such wages:

Total weeks of employment:  65 weeks
Total relevant weeks of employment: 65 weeks
Daily rate: $140.00 x

1.- Overtime for 62 weeks with 5 days/47.5 working hours

Daily rate: $140.00 x 5 days=$700.00: 47.5 hours=$14.74 an hour x 1.5=$22.11
O/T rate: $22.11 an hour-$14.74 rate paid= $7.37 difference
Half-time: $7.37

$7.37 x 7.5 O/T hours=$55.28 weekly x 62 weeks=$3,427.36

2.- Overtime for 3 weeks with 6 days/58 working hours

Daily rate: $140.00 x 6 days=$840.00: 58 hours=$14.48 an hour x 1.5=$21.72

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

    O/T rate: $21.72 an hour-$14.48 rate paid= $7.24 difference
    Half-time: $7.24

    $7.24 x 18 O/T hours=$130.32 weekly x 3 weeks=$390.96

    Total #1, and #2: $406.43

  c. <u>Nature of wages:</u>

    This amount represents unpaid half-time overtime wages[2]

### 3.- Overtime claim of Plaintiff Yancco Reyes

  a. <u>Total amount of alleged unpaid wages</u>:

    Nine Hundred Eleven Dollars and 75/100 ($911.75)

  b. <u>Calculation of such wages:</u>

    Total weeks of employment:  14 weeks
    Total relevant weeks of employment: 8 weeks
    Daily rate: $110.00 x

    1.- Overtime for 10 weeks with 5 days/ 47.5 working hours

    Daily rate: $110.00 x 5 days=$550.00: 47.5 hours=$11.58 an hour x 1.5=$17.37
    O/T rate: $17.37 an hour-$11.58 rate paid= $5.79 difference
    Half-time: $5.79

    $5.79 x 7.5 O/T hours=$43.43 weekly x 10 weeks=$434.30

    2.- Overtime for 3 weeks with 6 days/58 working hours

    Daily rate: $110.00 x 6 days=$660.00: 58 hours=$11.38 an hour x 1.5=$17.07
    O/T rate: $17.07 an hour-$11.38 rate paid= $5.69 difference
    Half-time: $5.69

    $5.69 x 18 O/T hours=$102.42 weekly x 3 weeks=$307.26

    3.- Overtime for 1 week with 7 days/70.5 working hours

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

        Daily rate: $110.00 x 7 days=$770.00: 70.5 hours=$11.00 an hour x 1.5=$16.50
        O/T rate: $16.50 an hour-$10.92 rate paid= $5.58 difference
        Half-time: $5.58

        $5.58 x 30.5 O/T hours=$170.19 weekly x 1 week=$170.19

        Total #1, #2, and #3:  $911.75

    c. Nature of wages:

    This amount represents unpaid half-time overtime wages.[3]

64. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

65. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

66. Defendants Remart and Arturo A. Pino Martinez willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendants.

67. Plaintiffs have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Prayer for Relief

Wherefore, Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes, and other similarly situated individuals and against the Defendants Remart and Arturo A. Pino Martinez based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes demand a trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

68. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes re-adopt every factual allegation as stated in paragraphs 1-43 of this Complaint as if set out in full herein.

69. Plaintiffs bring this action to recover from the Employers Remart and Arturo A. Pino Martinez unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and

reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

70. Defendant Remart was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

71. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day

72. Defendants Remart and Arturo A. Pino Martinez employed Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes as non-exempted, full-time employees approximately between December 06, 2021, and March 16, 2023.

73. Plaintiffs had duties as construction laborers, and they were paid daily rates.

74. While employed by Defendants, Plaintiffs had a regular and mandatory schedule, and they worked more than 40 hours weekly.

75. During their employment with Defendants, Plaintiffs did not receive their wages timely, on the normal payday. Defendants delayed payment and failed to pay Plaintiffs their regular wages earned during the workweek. Plaintiffs did not receive compensation for their work at any rate, not even at the minimum wage rate, as required by law for several weeks.

76. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

77. Plaintiffs did not clock in and out, but Defendants could track the hours worked by Plaintiffs and other similarly situated individuals. Defendants knew about Plaintiffs' number of working hours for the week.

78. Therefore, Defendants willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

79. On or about March 16, 2023, Plaintiffs were forced to resign from their employment because they did not receive their hard-earned wages for many weeks.

80. **1.- Claim of Plaintiff Franco T. Garay.-**

81. Plaintiff Franco T. Garay worked from January 17, 2023, to March 16, 2023, or 8 weeks. Plaintiff's daily rate was $110.00.

82. Plaintiff worked seven weeks of five days with 47.5 hours and one week of six days with 58 hours.

83. Plaintiff is claiming six weeks of unpaid wages.

84. **2.- Claim of Plaintiff Roberto Gil.-**

85. Plaintiff Roberto Gil worked from December 13, 2021, to March 16, 2023, or 65 weeks. Plaintiff's daily rate was $140.00.

86. Plaintiff worked 62 weeks of five days with 47.5 hours and 3 weeks of 6 days with 58 working hours.

87. Plaintiff is claiming seven unpaid weeks.

88. **3.- Claim of Plaintiff Yancco Reyes.-**

89. Plaintiff Yancco Reyes worked from December 06, 2022, to March 16, 2023, or 14 weeks. Plaintiff's daily rate was $110.00.

90. Plaintiff worked ten weeks of 5 days with 47.5 overtime hours, two weeks of 6 days with 58 hours weekly, and one week of 7 days with 70 hours weekly.

91. Plaintiff is claiming five unpaid weeks.

92. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes were paid with checks, without paystubs or records providing information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

93. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

94. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

95. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery when payroll records are provided.
* Florida's minimum is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Minimum wage claim of Plaintiff Franco T. Garay

   a. <u>Total amount of alleged unpaid wages</u>:

      Two Thousand Six Hundred Forty Dollars and 00/100 ($2,640.00)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  8 weeks
      Total relevant weeks of employment: 8 weeks
      Number of unpaid weeks: 6 weeks
      Daily rate: $110.00
      Florida Minimum Wage 2023: $11.00 an hour

      $11.00 x 40 hours= $440.00 weekly x 6 weeks=$2,640.00

   c. <u>Nature of wages</u>:

      This amount represents regular unpaid wages at the Florida minimum Wage rate[4]

## 2.- Minimum wage claim of Plaintiff Roberto Gil

   a. <u>Total amount of alleged unpaid wages</u>:

      Three Thousand Eighty Dollars and 00/100 ($3,080.00)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  65 weeks
      Total relevant weeks of employment: 65 weeks
      Number of unpaid weeks: 7 weeks
      Daily rate: $140.00
      Florida Minimum Wage 2023: $11.00 an hour

      $11.00 x 40 hours= $440.00 weekly x 7 weeks=$3,080.00

   c. <u>Nature of wages</u>:

      This amount represents regular unpaid wages at the Florida minimum Wage rate[5]

---

[4] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

[5] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

**1.- Minimum wage claim of Plaintiff Yancco Reyes**

a. Total amount of alleged unpaid wages:

   Two Thousand Two Hundred Dollars and 00/100 ($2,200.00)

b. Calculation of such wages:

   Total weeks of employment:  14 weeks
   Total relevant weeks of employment: 14 weeks
   Number of unpaid weeks: 5 weeks
   Daily rate: $110.00
   Florida Minimum Wage 2023: $11.00 an hour

   $11.00 x 40 hours= $440.00 weekly x 5 weeks=$2,200.00

c. Nature of wages:

   This amount represents regular unpaid wages at the Florida minimum
   Wage rate[6]

96. Defendants Remart and Arturo A. Pino Martinez unlawfully failed to pay Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes minimum wages.

97. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

98. Defendants Remart and Arturo A. Pino Martinez willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

---

[6] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

99. Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes have retained the law offices of the undersigned Attorney to represent them in this action and are obligated to pay reasonable Attorney's fees.

## Prayer for Relief

Wherefore, Plaintiffs Franco T. Garay, Roberto Gil, Yancco Reyes, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Franco T. Garay, Roberto Gil, and Yancco Reyes and against Defendants Remart and Arturo A. Pino Martinez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiffs Franco T. Garay, Roberto Gil, Yancco Reyes, and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date: April 29, 2023,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*